IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02415-BNB

RAYFEAL R. NUNN,

      Applicant,

v.

ANVIL CHAPMAN (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

ORDER OF DISMISSAL

_____

Applicant, Rayfeal R. Nunn, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Kit Carson Correctional

Center in Burlington, Colorado.  Mr. Nunn filed *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 asserting five claims challenging his

conviction in Denver District Court case numbers 01CR4599 and 02CR1491.  He has

been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On October 7, 2010, the Court ordered Respondents to file within twenty-one

days a pre-answer response.  On October 19, 2010, Respondents filed a pre-answer

response.  In the pre-answer response, Respondents noted that Mr. Nunn previously

initiated a habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the same two

convictions.  *See Nunn v. Brill*, No. 09-cv-00068-WYD (D. Colo. Feb. 4, 2011).  "[T]he

court is permitted to take judicial notice of its own files and records, as well as facts

which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211

F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*,

248 F.3d 946, 955 (10th Cir. 2001).

In No. 09-cv-00068-WYD, Mr. Nunn raised six claims as follows:

> 1.      The prosecutor's act of calling a witness was misconduct where the witness repeatedly invoked his Fifth Amendment privilege "not to testify" and the prosecutor knew in advance that the witness would invoke the privilege. Amended application at 12.

> 2.      There were errors in the grand jury proceedings because (1) an investigator employed by the Office of the Denver District Attorney was present during the proceedings in violation of Colo. R. Crim. P. 6.5(a) and (b), and (2) prejudicial remarks were made by a grand jury member and the prosecutor. Additionally, Mr. Nunn claims that "c.r.s. 63-40-7-46 and colo. rule of criminal procedure 12(b)" are vague and unconstitutional. Amended application at 14-15.

> 3.      The state violated the Interstate Agreement on Detainers Act (IADA) by not conducting his trial within the 180-day time frame.

> 4.      The People failed to establish probable cause and the indictment should have been quashed.

> 5.      The trial court erroneously instructed the jury on the affirmative defense of duress.

> 6.      The imposition of an habitual criminal sentence violated due process under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In his response to an order to show cause in No. 09-cv-00068-WYD made July

28, 2009, Mr. Nunn indicated that he wished to dismiss voluntarily his four unexhausted

claims (claims one, two, three, and four) and proceed with his two exhausted claims

(claims five and six). In an order filed on August 6, 2009, the Court directed that

exhausted claims five and six be drawn to a district judge and magistrate judge for further proceedings and unexhausted claims one, two, three, and four be dismissed voluntarily. *See* No. 09-cv-00068-WYD, docket no. 25 at 4-5.

In the instant action, Mr. Nunn again attacks his state court convictions in Nos. 01CR4599 and 02CR1491, and asserts five claims as follows:

> 1.   The prosecutor's act of calling a witness was misconduct where the witness repeatedly invoked his Fifth Amendment privilege not to testify and the prosecutor knew in advance that the witness would invoke the privilege.
>
> 2.   There were errors in the grand jury proceedings because (1) an investigator employed by the Office of the Denver District Attorney was present during the proceedings in violation of Colo. R. Crim. P. 6.5(a) and (b), and (2) prejudicial remarks were made by a grand jury member and the prosecutor.
>
> 3.   The state violated the Interstate Agreement on Detainers Act (IADA) by not conducting his trial within the 180-day time frame.
>
> 4.   The trial court erred by not considering a challenge to the constitutionality of subsection (d) of the criminal impersonation statute, Colo. Rev. Stat. § 18-5-113(1).
>
> 5.   Ineffective assistance of counsel.

Claims one, two, and three appear to be the same as or similar to claims one, two, and three raised and voluntarily dismissed in No. 98-cv-00068-WYD. Claims four and five, however, appear to be new. Respondents recommend that the Court consolidate the instant action with No. 98-cv-00068-WYD. For the reasons stated below, the Court will deny the application and dismiss the action.

On October 28, 2010, after Respondents filed their pre-answer response, Mr.

Nunn filed a motion to amend to assert the following five claims: (1) prosecutorial misconduct; (2) cumulative errors; (3) violation of the Interstate Agreement on Detainers Act (IADA); (4) criminal impersonation; and (5) ineffective assistance of counsel. Also on October 28, he filed a similar motion to in No. 98-cv-00068-WYD. The first three claims asserted in the proposed amendments are the same as claims one, two, and three that Mr. Nunn raises here and that he previously raised and voluntarily dismissed in No. 98-cv-00068-WYD. Claims four and five asserted in the proposed amendments are the same as claims four and five raised here. Therefore, the proposed amendments are irrelevant to the instant action because they already are raised as claims one, two, three, four, and five here.

On February 4, 2011, the Court denied the amended application in No. 98-cv-00068-WYD and dismissed the action with prejudice, finding that: (1) the two claims remaining after the August 6, 2009, partial dismissal were meritless; (2) claims one, two, and three sought to raised in the proposed amendments already had been raised and voluntarily dismissed as unexhausted in the August 6 partial dismissal and were procedurally barred from being reasserted in the same action; and (3) claims four and five were not properly exhausted and, therefore, were procedurally barred from federal habeas review.

The Court in No. 98-cv-00068-WYD also denied the motion to compel that Mr. Nunn filed in both No. 98-cv-00068-WYD and the instant action because "[t]he allegations and arguments contained in the motion to compel concern the same issues address[ed] herein. Respondents have already responded to these allegations and there is no reason for me to 'compel' any additional briefing." Order of Dismissal in No.

98-cv-00068-WYD (docket no. 44) at 19. Finally, the Court in No. 98-cv-00068-WYD denied the habeas corpus application pursuant to 28 U.S.C. § 2241 that Mr. Nunn filed in both No. 98-cv-00068-WYD and the instant action because "all of the allegations asserted by Mr. Nunn in this case challenge the validity of his underlying conviction. Therefore, he is not entitled to relief pursuant to 28 U.S.C. § 2241." Order of Dismissal in No. 98-cv-00068-WYD (docket no. 44) at 19.

The instant action does not qualify as a second or successive habeas corpus action within the meaning of 28 U.S.C. § 2244 because there was no adjudication on the merits in No. 09-cv-00068-WYD when the instant action was initiated. *See, e.g.*, *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (although the Antiterrorism and Effective Death Penalty Act does not define what constitutes a second or successive § 2255 motion, "it is clear that for a petition to be second or successive within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of a proceeding that counts as the first") (internal quotation marks omitted). Instead, the instant action should be treated as an amendment to No. 09-cv-00068-WYD because it was initiated while No. 09-cv-00068-WYD was pending. *See id.*

Because No. 09-cv-00068-WYD has been dismissed, there is nothing to amend. Moreover, the claims raised in the instant action either were previously raised and voluntarily dismissed in No. 09-cv-00068-WYD, or were determined in No. 09-cv-00068-WYD to be meritless or procedurally barred. Therefore, the instant application will be denied, and the action dismissed.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that the "Motion for Leave to Amend" (docket no. 8) filed on October 28, 2010, and the "Motion to Compel" (docket no. 17) filed on February 2, 2011, are denied as moot.

DATED at Denver, Colorado, this __17th__ day of __February__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02415-LTB

Rayfeal R. Nunn
Prisoner No. 92789
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807


I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 17, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
             Deputy Clerk